## Commonwealth, Appellant, *v.* Moore.

*Appeals—Interlocutory order—Continuance of cause.*

An order continuing the trial of a cause until certain substituted defendants in quo warranto proceedings have been notified to appear, is not a final order or judgment from which an appeal lies.

Argued April 30, 1901. Appeal, No. 126, Jan. T., 1901, by plaintiffs, from order of C. P. Erie Co., Sept. T., 1900, No. 104, continuing case of Commonwealth ex rel. Daniel D. Tracy, Eliza T. Griswold, Anna M. McCollum, Sarah Haverstick, Harry Gunnison and William S. Brown v. Harry L. Moore, Stewart D. Shirk, E. L. Rilling, Michael J. Fogarty and J. B. Arbuckle. Before McCollum, C. J., Mitchell, Fell, Brown and Potter, JJ. Appeal quashed.

Quo warranto to determine whether certain persons had been elected directors of the Erie Gas Company.

From the record it appeared that the original defendants were J. S. Rilling, Louis Streuber, E. D. Carter, H. G. Wilbor, H. E. Fish and Paul Mueller.

On February 25, 1901, in accordance with certain by-laws adopted on February 15, 1901, the present defendants were elected directors of the Erie Gas Company to serve until the fourth Monday of February, 1902. Upon petition of the relators herein, the present defendants were thereupon substituted for the original defendants by an order of the court made under the Act of April 13, 1840, P. L. 319, sec. 12.

When the case was reached for trial it appeared that no notice had been given to the substituted defendants as required by section 12 of the Act of April 13, 1840, P. L. 319. The court thereon ordered a continuance until the substituted defendants had been notified to appear.

*Error assigned* was the order of the court.

*Malcolm Lloyd, Jr., Reynolds D. Brown, Charles H. Burr, Jr., G. A. Allen* and *L. Rosenzweig,* for appellants.

*T. A. Lamb, John S. Rilling* and *Henry E. Fish,* for appellees.

PER CURIAM, April 30, 1901:

Appeal quashed because there is no final order or judgment to which appeal lies.